# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AMBER WARD, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:21-cv-265 |
| v. | ) | |
| | ) | |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | ) ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Now comes AMBER WARD ("Plaintiff,") complaining as to RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant").

### NATURE OF THE ACTION

1.      Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("OCSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants' principal places of business are within this District.

[ 1 ]

PARTIES

4.     Plaintiff is a natural person residing within this District.

5.     Defendant is a Washington limited liability company with its principal place of business in Lynwood, WA.

6.     Defendant operates as a third-party debt collector and regularly collects upon consumers in Ohio.

7.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

8.     At some point prior to the beginning of 2021, Plaintiff incurred a purported debt with Sprint for personal cell phone service.

9.     At some point prior to the beginning of 2021, Sprint, or its successor in interest T-Mobile, assigned the Debt to Defendant for collection.

10.     Thereafter, Defendant began sending Plaintiff letters in an attempt to collect on the purported debt.

11.     Defendant mailed one such letter (the "Letter") to Plaintiff on or about March 10, 2021.

12.     When seated in its envelope, the Letter displayed on the envelope's face, through a glassine window, Plaintiff's name and address and a barcode that, on information and belief, encodes information about Plaintiff's account such as her account number and account balance.

[ 2 ]

13.     In the top-right corner of the letter inside the envelope there is a box displaying the following:

| Account Information | |
|---|---|
| Notice Date: | 03-10-21 |
| Creditor Account#: | 291005492 |
| Creditor: | T-Mobile, as successor in interest to Sprint |
| Original Creditor: | Sprint |
| Due Date: | 03-25-21 |
| **Total Due:** | $1450.27 |

14.     The letter itself begins with the header:

**ACT NOW AND SAVE MONEY**
**SETTLEMENT OFFER: 725.14**

15.     Further, the body of the letter begins with the statement:

This account will be settled for less than the full original balance if your payment of $725.14 is received on or before 03-25-21.   This represents 50% of the current balance shown above.

16.      In addition, prominently displayed in a box on the right side of the letter is the language:

(1)  Single Payment Option:

➢       Pay **$725.14** no later than **03-25-21**.

➢       Your account will be considered **"Settled in Full"** after we post your payment.

17.     Nowhere in the letter is any reference made to an account other than plaintiff's account with T-Mobile as successor in interest to Sprint.  Specifically, it is not stated that Plaintiff has a separate account with Defendant, nor is any account number for such an account given.

[ 3 ]

18.     Taken together, these statements would convince a reasonable observer, let alone the least sophisticated consumer, that payment of $725.14 on or before March 25, 2021 would result in her account with T-Mobile, as successor in interest to Sprint, being considered **"Settled in Full"** (emphasis in original).

19.     On viewing the letter, Plaintiff believed that a payment of $725.14 would settle her account with T-Mobile in full, resulting in the elimination of the debt.

20.     When she received the letter, Plaintiff considered taking advantage of what seemed to her like a good settlement offer, but she did not have the funds available at the time.  Had she had the funds available, she likely would have agreed to the proposed "settlement."

21.     However, hidden within the body of the letter is language that directly contradicts the repeated, prominently displayed statements that a payment of $725.14 would settle her debt in full:

> Payment will cause future collection efforts to cease and **<u>a residual balance will remain with T-Mobile</u>**, as successor in interest to Sprint.
>
> (emphasis added).

22.     When viewing the letter, Plaintiff did not notice this statement.

23.     The least sophisticated consumer would not likely notice this contradictory disclaimer, nor would she likely understand its effect.

24.     On information and belief, Defendant drafted this letter with the intent to mislead consumers into believing the suggested payment would settle the full balance.

25.     This action follows.

[ 4 ]

## CLASS ALLEGATIONS

26.     Plaintiff brings this claim on behalf of two overlapping classes, pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

27.     The first class (the "Envelope Class") consists of (a) all individuals in Ohio, (b) to whom Defendant mailed a letter seeking to collect upon a debt, (c) displaying and/or capable of displaying after ordinary jostling, through the glassine window or otherwise on the exterior of the envelope, a barcode capable of revealing the recipient's personal information, such as the recipient's account number, (d) which letter was received on or after April 14, 2020.

28.     The second class (the "Letter Class") consists of (a) all individuals in Ohio, (b) to whom Defendant mailed a letter seeking to collect upon a debt, (c) containing both a statement that a partial payment on an account would result in the account being considered "Settled in Full" and a statement that the partial payment would result in the creditor retaining a residual balance, (d) which letter was received on or after April 14, 2020.

29.     The classes are so numerous that joinder of all members is not practicable. On information and belief, each class contains hundreds of members.

30.     There are questions of law and fact common to the classes' members that predominate over any questions relating to individual class members.  The predominant question for each class is whether the placement and/or content of the symbol or language complained of violates the FDCPA and CSPA.

31. Plaintiff's claims are typical of the claims of all members of each class. The claims of all members of each class are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained competent counsel familiar with FDCPA, CSPA, and class action litigation and with the resources necessary to pay for class notice and discovery costs.

33. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible and many if not most class members are unaware of their rights.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff realleges the paragraphs above as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

36. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of their businesses are the collection of debts, and because they use the instrumentalities of interstate commerce to do so.

37. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

38. The subject purported debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a debt for personal cell phone service.

[ 6 ]

39.     Defendant violated the FDCPA in the following ways:

    **a.**     Using a false representation, namely that a payment of $725.14 would result in her account being considered **"Settled in Full"** (emphasis in original), in an attempt to collect the purported debt from Plaintiff, in violation of § 1692e(2)(A), § 1692e(10), and § 1692e, generally;

    **b.**     Using a symbol, other than the debt collector's name or address, on an envelope when communicating with Plaintiff, in violation of § 1692f(8);

    **c.**     Using an unfair or unconscionable means to attempt to collect a debt, namely promulgating a set of contradictory statements intended to, and likely to, induce Plaintiff to pay a "settlement" that would not, in fact, settle the purported debt, in violation of § 1692f, generally;

    **d.**     Engaging in conduct the natural consequence of which is to abuse any person in connection with the collection of a debt, namely promulgating a set of contradictory statements intended to, and likely to, induce Plaintiff to pay a "settlement" that would not, in fact, settle the purported debt, in violation of § 1692d, generally.

40.     Plaintiff is therefore entitled to statutory damages of up to $1,000, plus attorney fees, and the proposed classes are entitled to statutory damages up to the lesser of $500,000 or 1% of Defendant's net worth, plus attorney fees, under § 1692k(a).

### COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

41. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

42. Plaintiff is a "person" as defined by R.C. 1345.01(B).

43. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

44. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

45. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for damages.

46. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in acts and practices in violation of the FDCPA as set forth above.

47. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq. See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

48. Further, Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant purposefully violated the TCPA in an unfair manner. *See United States v. Dish Network LLC*, 256 F. Supp. 3d 810, 965 (C.D. Ill. 2017) (interpreting Ohio case law).

[ 8 ]

49.     Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

50.     The CSPA's procedural prohibition against seeking statutory minimum damages in a class action conflicts with and is preempted by Fed. R. Civ. P. 23's requirements for class certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (Scalia, J.) (holding, in the narrowest concurrence, that "Rule 23 . . . falls within § 2072(b)'s authorization.  A class action, no less than traditional joinder . . ., merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits.  And like traditional joinder, it leaves the parties legal rights and duties intact, and the rules of decision unchanged.").

51.     Plaintiff and each member of the proposed classes are therefore entitled to statutory damages of $200 per violation, plus reasonable attorney fees under R.C. §1345.09(B) & (F)(2).

WHEREFORE, Plaintiff respectfully requests judgment as follows:

**a.**     Certifying the proposed classes;

**b.**     Appointing Plaintiff as class representative for the proposed classes;

**c.**     Appointing Plaintiff's counsel as class counsel for the proposed classes;

**d.**     Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

**e.**     Awarding statutory damages of $1,000.00 per plaintiff per alleged debt, up to the lesser of $500,000 or 1% of Defendants' net worth, to the classes, as provided under § 1692k(a);

[ 9 ]

**f.**     Awarding statutory damages of $200 per violation per class member for violations of the CSPA to the classes;

**g.**     Awarding Plaintiff, as class representative, statutory damages of $1,000, as provided under § 1692k(a);

**h.**     Awarding Plaintiff, as class representative, statutory damages of $200 per violation of the CSPA, as provided under R.C. 1345.09(B);

**i.**     Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**j.**     Awarding Plaintiff costs and reasonable attorney fees, with a multiplier, as provided under R.C. 1345.09(F)(2);

**k.**     Awarding Plaintiff and class members, current and future, injunctive relief under R.C. 1345.09((D) prohibiting Defendant from continuing to employ letters substantially in the form described in this complaint;

**l.**     Awarding Plaintiff the costs of this action; and

**m.**     Awarding any other relief this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  April 14, 2021

By:  s/ Geoffrey Parker

Geoffrey Parker (0095742)
HILTON PARKER LLC
7544 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
gparker@hiltonparker.com
*Attorney for Plaintiff Amber Ward*
